

# THE ATTORNEY GENERAL

# OF TEXAS

## AUSTIN 11, TEXAS

PRICE DANIEL
ATTORNEY GENERAL

December 23, 1948

Hon. Ted R. Alexander
Bond Investment Adviser
Board of Education
Austin, Texas

Opinion No. V-755.

Re: Authority of State Board
of Education to invest
Permanent School Fund in
Hospital Bonds issued by
Board of Regents of The
University of Texas.

Dear Sir:

We quote from your recent letter as follows:

"At the November 8, 1948 meeting of the
State Board of Education, the Board of Re-
gents of the University of Texas offered for
sale to the State Board of Education $1,000,-
000.00 3% Hospital Bonds proposed to be is-
sued by the Board of Regents of the University
of Texas pursuant to the constitution and
laws of the State of Texas, and particularly
the provisions of Chapter 5, Acts of the Sec-
ond Called Session of the 43rd Legislature,
as amended (Article 2603c VACS). These bonds
are not to be and will not constitute an in-
debtedness of the State of Texas, but are
special obligations to be issued by and in
the name of the Board of Regents of the Uni-
versity of Texas, and will be payable both as
to principal and interest, solely from a com-
pulsory group hospitalization fee to be im-
posed on each student as a pre-requisite to
registration in the Main University, not to
exceed $4.00 per student for any semester or
for any one summer session, and from any oth-
er net revenues of the proposed hospital.

"The State Board of Education authorized
the purchase of said bonds as an investment
for the Permanent School Fund, subject to an
opinion of the Attorney General that the
Board has the authority to invest the State
Permanent School Fund in bonds of this type,

The State Board of Education, therefore, re-
spectfully requests your opinion whether the
proposed bonds herein above described are an
authorized investment for the Permanent School
Fund of Texas under the laws of this State."

Assuming the 3% Hospital Bonds under consid-
eration will bear the approval of the Attorney General
in accordance with Article 2670, V. C. S., we look to
Article 2669, V. C. S., as amended, which authorizes the
State Board of Education to invest the public free school
funds in certain designated bonds.

Article 2669 provides:

"The State Board of Education is author-
ized and empowered to invest the permanent
public free school funds of the State in
bonds of the United States, the State of Texas,
or any county thereof, and the independent or
common school districts, road precincts, drain-
age, irrigation, navigation and levee districts
in this State, and the bonds of incorporated
cities and towns, and obligations and pledges
of the University of Texas." (Emphasis added.)

This statute is the enabling law enacted pur-
suant to Section 4 of Article VII, Constitution of Texas,
which reads in part:

". . . The Comptroller shall invest the
proceeds of such sales and of those hereto-
fore made as may be directed by the Board of
Education herein provided for, in the bonds
of the United States, the State, or in such
other securities and under such restrictions
as may be prescribed by law . . . " (Emphasis
added.)

The first such enabling statute appears in
Acts 1905, page 263. It was later amended in Acts 1909,
page 216. Each amendment including the last, Acts 1929,
41st Leg., page 573, Section 1, designated other bonds
in which the Board of Education was authorized to invest
the State permanent public free school fund. The bonds
described in your letter could only come under a class-
ification such as that added by the amendment of 1929,
wherein the said Fund was permitted to be invested in

"obligations and pledges of the University of Texas."
A. G. Opinion No. O-3428.

These hospital bonds to be issued and sold by
the Board of Regents of the University of Texas acting
under authority of Articles 2589c and 2603c, V. C. S.,
are revenue bonds as distinguished from bonds voted by
the people and supported by taxation. Article 2603c,
Section 3, specifically provides that "any bonds . . .
issued hereunder shall not be an indebtedness of the
State of Texas, but shall be payable solely from the
revenues to be derived from the operation of such
buildings." Further, "the fees and charges (Section 2)
thus fixed along with all other income therefrom shall
be considered as revenue derived from the operation of
the buildings thus constructed." Clearly, the bond is-
sue thus created and sold would constitute a pledge of
the University of Texas.

Further, Article 2589c specifically authoriz-
es the Board of Regents of The University of Texas "to
build, equip, operate, and maintain a hospital" under
Article 2603c, and to levy and collect the fee not to
exceed $4.00 per student per semester.

It is pertinent to note that when Article 2669
was last amended in 1929, it was amended purposely to
enable the Board of Education to invest the Public Free
School Fund in obligations and pledges of The University
of Texas involving the revenues in the Available Univer-
sity Fund. See emergency clause of S. B. 113, 41st
Leg., page 575, Acts 1929. The University Available
Fund consists of revenues of the University Permanent
Fund. Article 2592, V. C. S.

The provision in Article 2669, as amended,
authorizing the Board to invest the public school fund
in "obligations and pledges of The University of Texas"
is clear and unambiguous. Its intent is plain, not re-
quiring the invocation of rules of statutory construc-
tion. This being true, expressions in the emergency
clause cited may not be invoked for the purpose of rais-
ing an ambiguity in a statute, or to control its plain
meaning or purpose. 39 Tex. Jur. page 228. Nor would
the fact that Article 2603c was first enacted in 1934,
subsequent to Article 2669 as amended in 1929, require,
in our opinion, a holding contrary to that expressed
herein. Article 2669 is a general law and nowhere
therein does it limit its application to specific obli-

gations and pledges. We need only to determine that the bonds under consideration constitute an obligation and the pledge of The University of Texas. We have so determined.

It is our opinion, therefore, that the State Board of Education is authorized under Article 2669, V. C. S., as amended, to invest the public free school fund of Texas in the hospital bonds to be issued and sold by the Board of Regents of The University of Texas acting under authority of Articles 2589c and 2603c, V. C. S., as amended, when same have been approved by the Attorney General.

## SUMMARY

The State Board of Education has authorized under Article 2669, V. C. S., as amended, to invest the public free school fund of Texas in hospital bonds to be issued and sold by the Board of Regents of The University of Texas acting under authority of Articles 2589c and 2603c, V. C. S., as amended after the same have been lawfully authorized and have been approved by the Attorney General.

Yours very truly,

ATTORNEY GENERAL OF TEXAS

By _Chester E. Ollison_

Chester E. Ollison
Assistant

CEO:wb:bh

APPROVED:

_Fagan Dickson_

FIRST ASSISTANT
ATTORNEY GENERAL